Jim J. Valcarce
VALCARCE LAW OFFICE, LLC
PO Box 409 – 900 3rd Ave.
Bethel, Alaska 99559
Phone: (907) 543-2744
Facsimile: (907) 543-2746
Email: Jim@bushlawyers.com
ABA # 9505011

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA

| | |
|---|---|
| TIFFANY BOOSHU, Individually and as Personal Representative of the Estate of BABY GIRL BOOSHU, Deceased,<br><br>Plaintiffs<br><br>Vs.<br><br>UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendants | **COMPLAINT FOR DAMAGES**<br><br>Case NO. _____ Civil |

Plaintiff TIFFANY BOOSHU, on her own behalf and as Personal Representative of the Estate of BABY GIRL BOOSHU, deceased, by and through her counsel of record, Valcarce Law Office, LLC, and hereby claims and alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff Tiffany Booshu is a resident of the State of Alaska.

2. The acts or omissions upon which this cause is based occurred in Nome,

TIFFANY BOOSHU, Individually and as Personal Representative
of the Estate of BABY GIRL BOOSHU, Deceased,
Plaintiffs
Vs.
UNITED STATES OF AMERICA, UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendants

VALCARCE LAW OFFICE, LLC
PO Box 409 -- 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746

Case 2:08-cv-00001-JWS   Document 1   Filed 09/26/08   Page 1 of 8

Alaska and en route to Anchorage, Alaska.

3. This suit is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674, and this court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1346(b).

4. The Norton Sound Regional Hospital (NSRH) is operated by the Norton Sound Health Corporation, Inc. (NSHC Inc.), with headquarters in Nome, Alaska. NSHC, Inc. has a duty to provide reasonable medical care and quality hospital services to predominantly Alaska Native beneficiaries who reside in the Norton Sound Region of Alaska.

5. NSHC, Inc. is a compacting entity of the Indian Health Service (IHS). Health care providers at NSHC, Inc. are employees of the United States for purposes of liability under the FTCA if they are employees of NSHC, Inc. acting within the scope of their employment and are carrying out the compact with the IHS at the time of the acts or omissions that give rise to the complaint.

6. At all times pertinent to this complaint, the health care providers employed by NSHC who are alleged to have acted in a negligent manner were acting within the scope of their employment with the U.S. and were also carrying out NSHC's compact with the IHS.

7. TIFFANY BOOSHU is the mother of BABY GIRL BOOSHU, a minor who died at the time of her birth on October 25, 2007. Tiffany Booshu is the duly appointed,

TIFFANY BOOSHU, Individually and as Personal Representative
of the Estate of BABY GIRL BOOSHU, Deceased,
Plaintiffs
Vs.
UNITED STATES OF AMERICA, UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendants

VALCARCE LAW OFFICE, LLC
PO Box 409 -- 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746

Case 2:08-cv-00001-JWS   Document 1   Filed 09/26/08   Page 2 of 8

qualified, and acting personal representative of the Estate of BABY GIRL BOOSHU.

## ALLEGATIONS COMMON TO ALL CLAIMS

8.  Plaintiffs reallege and incorporate herein as though they were set out in full, all allegations of the preceding paragraphs.

9.  On or about October 25, 2007, at approximately 6:30 p.m., Tiffany Booshu was taken to Norton Sound Regional Hospital in Nome, Alaska to give birth to a child. Ms. Booshu was in her fortieth week of pregnancy. After admission, NSHC, Inc. medical personnel determined that Ms. Booshu had a double footling breech presentation with a cord prolapse.

10. Despite knowing of Ms. Booshu's imminent delivery, and knowing that adequate facilities for breech or caesarian delivery did not exist on the medevac plane, NSHC, Inc., through its agents/servents, made the decision to transport Ms. Booshu to Anchorage, Alaska to deliver the child via caesarian section. Before transport, the fetus was detected to have a pulse in the 110s or 120s.

11. Shortly after the medevac took off, Ms. Booshu delivered Baby Girl Booshu. Upon delivery, Baby Girl Booshu did not have a pulse, and was "flaccid" and "pale" with "no breathing, no tone, no cry."

12. After the delivery of Baby Girl Booshu, the medevac plane returned to Nome, Alaska. NSHC, Inc. personnel failed to resuscitate Baby Girl Booshu, and the child was pronounced dead shortly after landing.

TIFFANY BOOSHU, Individually and as Personal Representative
of the Estate of BABY GIRL BOOSHU, Deceased,
Plaintiffs
Vs.
UNITED STATES OF AMERICA, UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendants

VALCARCE LAW OFFICE, LLC
PO Box 409 -- 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746

Case 2:08-cv-00001-JWS   Document 1   Filed 09/26/08   Page 3 of 8

13. Baby Girl Booshu's death was preventable if her breech presentation had been timely diagnosed and arrangements had been made for a caesarian delivery. By placing Tiffany Booshu on a medevac to Anchorage when delivery of the child was imminent, NSHC, Inc. health care providers doomed Baby Girl Booshu to death upon her delivery. If health care providers employed by NSHC, Inc. had employed even minimally acceptable diagnostic procedures, Baby Girl Booshu would have had a safe delivery and, more likely than not, would not have died, but would have recovered and would have lived to her normal life expectancy.

14. Plaintiff Tiffany Booshu, for herself and on behalf of the Estate of Baby Girl Booshu, re-alleges and incorporates herein, as though they were set out in full, all allegations of the preceding paragraphs of the complaint and further alleges that the United States, through its agents and servants, including but not limited to physicians and other caregivers, were negligent in providing medical care to Tiffany Booshu and Baby Girl Booshu.

15. The negligent acts by defendant include, but are not limited to, failure to timely diagnose Tiffany Booshu, failure to properly arrange for a caesarian delivery, failure to reach a reasoned diagnosis, failure to provide adequate care, failure act with the necessary degree of urgency, and failure to keep adequate medical records.

## COUNT I
**PRE-DEATH PAIN AND SUFFERING AND WRONGFUL DEATH**

16. Plaintiffs reallege and incorporate herein as though they were set out in full,

TIFFANY BOOSHU, Individually and as Personal Representative
of the Estate of BABY GIRL BOOSHU, Deceased,
Plaintiffs
Vs.
UNITED STATES OF AMERICA, UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendants

VALCARCE LAW OFFICE, LLC
PO Box 409 – 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746

all allegations of the preceding paragraphs.

17. As a direct and proximate result of the negligence of the defendant described above, the decedent sustained pre-death personal injury; great physical and mental pain, shock, agony and emotional suffering; loss of enjoyment of life; all to her damage in excess of $100,000.00, the exact amount to be determined at trial.

## COUNT II
## CLAIMS ON BEHALF OF THE ESTATE AND STATUTORY BENEFICIARIES

18. Plaintiffs reallege and incorporate herein as though they were set out in full, all allegations of the preceding paragraphs.

19. Plaintiff Tiffany Booshu brings this action for the benefit of Baby Girl Booshu's Estate, and for the benefit of the statutory beneficiaries of the Estate under the provisions of Alaska Statute 09.55.580. Plaintiff Tiffany Booshu, on behalf of the Estate of Baby Girl Booshu, re-alleges and incorporates herein as though they were set out in full, all allegations of the preceding paragraphs of the complaint and further alleges that as a direct and proximate result of the negligence of the defendant described above, decedent suffered severe physical injuries which caused decedent's death on October 25, 2007.

20. At the time of her death, decedent had a life expectancy of approximately 80 years, and decedent's estate has been deprived of the present value of the accumulations that the decedent would have made to his estate had she lived out her life expectancy.

21. By reason of the injury and death of decedent, decedent's estate has incurred damage and loss including, but not limited to: loss of pecuniary benefits; loss of prospective

TIFFANY BOOSHU, Individually and as Personal Representative
of the Estate of BABY GIRL BOOSHU, Deceased,
Plaintiffs
Vs.
UNITED STATES OF AMERICA, UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendants

VALCARCE LAW OFFICE, LLC
PO Box 409 -- 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746

Case 2:08-cv-00001-JWS   Document 1   Filed 09/26/08   Page 5 of 8

inheritance; loss of subsistence opportunities; loss of contributions for support; loss of assistance and services; loss of prospective training and education; and medical and funeral expenses.

22. By reason of the injury and death of decedent, decedent's statutory beneficiaries have suffered damages including but not limited to loss of affection, loss of consortium, loss of personal services, loss of support, shock, inconvenience, mental anguish, agony, grief, and emotional suffering, loss of enjoyment of life; loss of love, affection, and companionship, as well as other past and future economic and non-economic damage and loss, all to their damage in excess of $100,000.00, the exact amount to be determined at trial.

## COUNT III
## CONSORTIUM/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS/DIRECT CLAIM FOR TIFFANY BOOSHU

23. Plaintiffs reallege and incorporate herein as though they were set out in full, all allegations of the preceding paragraphs.

24. Plaintiffs reallege and incorporate by reference herein each and every allegation contained herein above as though fully set forth herein, and further allege that such acts and omissions of NSHC, Inc. amount to negligent infliction of emotional distress on plaintiff Tiffany Booshu, who witnessed the suffering and excruciating death of Baby Girl Booshu and suffered extreme distress and damages in excess of $100,000.00, the exact amount to be determined at trial.

TIFFANY BOOSHU, Individually and as Personal Representative
of the Estate of BABY GIRL BOOSHU, Deceased,
Plaintiffs
Vs.
UNITED STATES OF AMERICA, UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendants

VALCARCE LAW OFFICE, LLC
PO Box 409 -- 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746

Case 2:08-cv-00001-JWS  Document 1  Filed 09/26/08  Page 6 of 8

25. By reason of the injury and death of decedent, Tiffany Booshu suffered loss of consortium, loss of love and companionship, and other economic and non-economic losses all to her damage in excess of $100,000.00 the exact amount to be determined at trial.

## COUNT IV
## MEDICAL NEGLIGENCE/INJURY DIRECT CLAIM BY TIFFANY BOOSHU

26. Plaintiffs reallege and incorporate herein as though they were set out in full, all allegations of the preceding paragraphs.

27. As a direct and proximate result of the negligence of the Defendant described above, Plaintiff Tiffany Booshu incurred damage and loss, including but not limited to: economic and non economic damages; past and future medical expenses; permanent injury or impairment; mental anguish and emotional distress; medical costs and related transportation; lodging and other expenses.

WHEREFORE, the plaintiffs pray for relief as follows:

A. An amount in excess of One Hundred Thousand Dollars ($100,000.00), the exact amount to determined at trial;

B. For costs and such other and further relief as this court deems just and equitable.

DATED at Bethel, Alaska this _____ day of _____ 2008.

Jim J. Valcarce
Bar No. 9505011
VALCARCE LAW OFFICE, LLC
Attorney for Plaintiffs

TIFFANY BOOSHU, Individually and as Personal Representative
of the Estate of BABY GIRL BOOSHU, Deceased,
Plaintiffs
Vs.
UNITED STATES OF AMERICA, UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendants

VALCARCE LAW OFFICE, LLC
PO Box 409 -- 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746

Case 2:08-cv-00001-JWS   Document 1   Filed 09/26/08   Page 7 of 8

**CERTIFICATE OF SERVICE:**
The undersigned hereby certifies that on this 24 of Sept., 2008, a true and correct copy was served on the following:

| | |
|---|---|
| Attorney General Michael Mukasey | Nelson P. Cohen, U.S. Attorney |
| Office of the U.S. Attorney General | Office of the U.S. Attorney, District of Alaska |
| U.S. Department of Justice | U.S. Department of Justice |
| Main Justice Building | 222 West 7th Avenue, #9, Room 253 |
| 10th & Constitution Avenue NW | Anchorage, AK 99513-7567 |
| Washington, D.C. 20530 | |

/s/ Thea Sundown
Thea Sundown

---

TIFFANY BOOSHU, Individually and as Personal Representative of the Estate of BABY GIRL BOOSHU, Deceased,
Plaintiffs
Vs.
UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendants

VALCARCE LAW OFFICE, LLC
PO Box 409 -- 900 3rd Ave.
Bethel, Alaska 99559
TELEPHONE: (907) 543-2744• FACSIMILE: (907)543-2746